UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-10509-DMG (KK)** | Date: | January 2, 2019 |
| Title: | *Raheem Majeed v. Warden* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed for Lack of Jurisdiction

# I.
# BACKGROUND

On February 18, 2015, Raheem Majeed ("Petitioner"), pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 in the United States District Court for the District of South Carolina ("District of South Carolina"). See USA v. Mealing, et al., 3:11-cr-00685-CMC-6 (E.D. Cal., filed June 7, 2011) at ECF Docket No. ("Dkt.") 409.[1]

On May 26, 2015, Petitioner was sentenced to 151 months in prison followed by 8 years of supervised release. Id. at Dkts. 433, 434.

On June 12, 2015, Petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") in the District of South Carolina. Id. at Dkt. 441. On August 18, 2015, the Section 2255 motion was denied. Id. at Dkts. 476, 477.

---

[1] A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

On January 3, 2017, Petitioner filed a Motion to Vacate Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b)(4) or in the alternative 18 U.S.C. § 3742(A)(1)(2) in the District of South Carolina. Id. at Dkt. 569. On January 9, 2017, the Rule 60(b)(4) Motion to Vacate was dismissed as an unauthorized successive Section 2255 Motion. Id. at Dkt. 570.

On January 30, 2017, Petitioner filed a Notice of Appeal re: dismissal of his Rule 60(b)(4) Motion to Vacate. Id. at Dkt. 572. On May 31, 2017, the United States Court of Appeals for the Fourth Circuit affirmed the decision of the District of South Carolina, construed Petitioner's appeal as an application to file a second or successive Section 2255 motion, and denied authorization to file a successive Section 2255 motion. Id. at Dkt. 577.

On December 7, 2018, Petitioner, who is currently detained at Federal Correctional Institute in Lompoc, California, filed the instant pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 ("Section 2241") in this Court, which appears to challenge his sentencing enhancement. Dkt. 1, Pet. at 2. Petitioner sets forth four grounds for relief: (1) Petitioner's prior conviction enhancement under 21 U.S.C. § 851 is null and void in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011); (2) Petitioner should receive a lower sentence in light of the 2013 Holder Memoranda; (3) the District Court erred in enhancing Petitioner's sentence pursuant to USSG § 3B1.1; and (4) the District Court erred in calculating the drug quantity attributable to Petitioner. Id. at 6-8.

## II.
## DISCUSSION

### A. APPLICABLE LAW

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, Section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under Section 2255 and "[Section] 2255 motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a Section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of Section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under Section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under Section 2255's escape hatch in the custodial court "when the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of Section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United

States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).  With respect to the second prong of Section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first [Section] 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion."  Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

**B.     ANALYSIS**

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution."  See Harrison, 519 F.3d at 956.  Rather, Petitioner appears to challenge the legality of his sentence.  See Dkt. 1, Pet.  Thus, Petitioner cannot proceed in this Court, the custodial court, unless Section 2255's "escape hatch" provision applies.  Lorentsen, 223 F.3d at 953.

Petitioner does not meet the second prong of Section 2255's escape hatch.  Petitioner fails to establish he lacked an unobstructed procedural shot at presenting his claim.  Alaimalo, 645 F.3d at 1047.  The legal basis for Petitioner's claims all arose before he filed his first Section 2255 motion on June 12, 2015 and the law has not changed in any way relevant to Petitioner's claims after that first Section 2255 motion.  Id.  In addition, although the Fourth Circuit rejected Petitioner's application for a successive Section 2255 petition, that denial did not obstruct Petitioner's procedural shot at presenting his claims, nor does it now bar Petitioner from re-applying for a successive petition in the court that sentenced him.  See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (analyzing the Section 2255's escape hatch "is narrow," and its "remedy is not inadequate or ineffective merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." (internal quotation marks omitted)); Stephens, 464 F.3d at 898 ("[T]he general rule in [the Ninth Circuit] is that the ban on unauthorized second or successive petitions does not per se make § 2255 inadequate or ineffective."); Reed v. Matevousian, No. 1:15-cv-01019-SKO HC, 2016 WL 7374586, at *3 (E.D. Cal. Dec. 20, 2016) (citing Aronson v. May, 85 S. Ct. 3, 5, 13 L. Ed. 2d 6 (1964)) ("The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred.").  Thus, Petitioner fails to meet the second prong of the escape hatch.

Because the escape hatch does not apply, the Court lacks jurisdiction and this matter must be dismissed.  Hernandez, 204 F.3d at 864-65.

**III.
ORDER**

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order no later than **twenty-one (21) days after the date of this Order**.  In the response, Petitioner must elect one of the following three options:

1. If Petitioner contends his action is not a Section 2255 challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**.  Petitioner should attach copies of any documents that support his position.

2. If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the Section 2255 escape hatch, he should clearly explain this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**. Petitioner should attach copies of any documents that support his position.

3. If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed no later than **twenty-one (21) days after the date of this Order**. **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however, that if Petitioner should later attempt to raise his dismissed claims in a subsequent habeas petition or Section 2255 motion, those claims may be time-barred, and may be barred as successive.

The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey court orders.

**IT IS SO ORDERED.**